FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 28 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NICHOLAS PALUMBO, NATASHA PALUMBO, ECOMMERCE NATIONAL, LLC d/b/a Tollfreedeals.com, and SIP RETAIL d/b/a sipretail.com,

        Defendants.

---

CV 20-473

Civil Action No.

KORMAN, J.

MANN, M.J.

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter having come before the Court upon the application of Plaintiff, the UNITED STATES OF AMERICA, for a temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Marcy Ralston, Special Agent with the Social Security Administration Office of Inspector General ("SSA-OIG"); the Declaration of Samuel Bracken, Postal Inspector with the United States Postal Inspection Service ("USPIS"); and the Certification of the Attorney for the United States:

WHEREUPON THE COURT, having considered the matter, finds that:

1.    There is probable cause to believe that defendants NICHOLAS PALUMBO, NATASHA PALUMBO, ECOMMERCE NATIONAL, LLC d/b/a Tollfreedeals.com, and SIP RETAIL d/b/a sipretail.com ("Defendants") are violating and are about to violate 18 U.S.C. §§ 1343 and 1349;

2.    The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met;

3. Irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. *See United States v. Savran*, 755 F. Supp. 1165, 1179 (E.D.N.Y 1991). Nonetheless, even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, permitting the Defendants to continue to participate in the alleged extensive wire fraud scheme would constitute irreparable harm. For example, the Defendants' continuing violations have caused and will continue to cause irreparable harm to victims across the United States. Immediate and irreparable injury, loss, or damage, in the form of payments which victims across the United States will send in response to fraudulent phone calls transmitted by Defendants, could result before Defendants can be heard in opposition; and

4. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction:

Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained from:

i. committing and conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

ii. providing, or causing others to provide, call termination services for calls terminating in the United States or carrying any VoIP calls terminating in the United States;

iii. providing toll-free telephone services for calls originating in the United States, including providing toll-free phone numbers to other individuals or entities;

    iv.    destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345, within two days from Defendants' receipt of this Temporary Restraining Order and Order to Show Cause, Defendants shall provide copies of this Temporary Restraining Order and Order to Show Cause to all of their customers for whom they provide (1) United States call termination services, (2) United States toll-free call origination services; and to all entities (a) with whom Defendants have a contractual relationship for automated or least-cost call routing, and (b) from whom Defendants acquire toll-free numbers. Within four days from Defendants' receipt of the Temporary Restraining Order and Order to Show Cause, Defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, and when the notice was sent.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345:

Somos, Inc., in its capacity as the entity designated by the Federal Communications Commission to administer the U.S. toll-free calling system and its database, is hereby ordered to temporarily suspend all toll-free numbers registered by or on behalf of any Defendant in this matter, until further order of this Court.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345:

Any Toll-Free Service Provider that receives notice of this Order and has a contractual relationship with one of the Defendants in this matter to provide toll-free numbers, shall provide to Somos, Inc. a list of all toll-free numbers provided to that Defendant that are currently active.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345:

Any individual or entity who has obtained a toll-free number through one of the Defendants in this matter, either directly or through another intermediate entity, and wishes to continue using that toll-free number may submit a request to the Court, copying counsel for the United States, and identifying: (1) the individual or entity's name, address, phone number, email address, website URL, and the nature of their business; (2) the end-user of the toll-free number's name, address, phone number, email address, and website URL if the end-user did not obtain the toll-free number directly from Defendants; (3) the nature of the end-user's business; (4) the purpose for which the end-user utilizes the toll-free number; (5) the date on which the individual or entity obtained the toll-free number and, if applicable, provided it to the end-user; and (6) whether the toll-free number is used by the individual, entity, or end-user in connection with robocalls. The United States shall then notify the Court within four business days whether the United States has any objection to removing the specifically identified toll-free number from the list of suspended numbers.

IT IS HEREBY FURTHER ORDERED that Defendants shall appear before this Court and the Honorable _____, United States District Judge, in courtroom _____ at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, on the \_\_\_ day of _____, 2020, at \_\_\_\_\_ a.m. to show cause why a preliminary

4

injunction, pursuant to Fed. R. Civ. P. 65 and as requested by the United States, should not be granted.

IT IS HEREBY FURTHER ORDERED that a copy of this Temporary Restraining Order and Order to Show Cause, together with the Complaint, the Ralston Declaration, Bracken Declaration, and the Certification of the attorney for the United States, shall be served upon Defendants, on or before the ___ day of January, 2020.

IT IS HEREBY FURTHER ORDERED that Defendants shall serve and file any response to the application for a preliminary injunction on or before ____:00 p.m. on _____, 2020, and that the United States shall serve and file any reply on or before ____:00 p.m. on _____, 2020.

SO ORDERED this ____ hour of the _____ day of January, 2020.

_____
HONORABLE
UNITED STATES DISTRICT JUDGE

5