

**Trust. Knowledge. Confidence.**

THEODOR D. E. BRUENING
Direct: (212) 380-4111
tbruening@offitkurman.com

February 20, 2020

**By ECF and Federal Express**

Hon. Eric R. Komitee, U.S.D.J.
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*United States v. Palumbo, et al.* (1:20-cv-00473-EK-RLM)</u>

Dear Judge Komitee:

      We represent defendants and respectfully submit this letter motion for an order modifying the temporary restraining order dated February 4, 2020 ("TRO," docket no. 18) to permit defendants to continue to do business with an entity called "Yodel," a client acknowledged by the Government to engage in "legitimate" telecommunications (1/29/2020 Tr. 9:11-15).

      Under the TRO, if defendants receive a notification identifying calls transmitted through defendants' system as fraudulent, defendants must "terminate any existing contracts with the companies or individuals that are identified as the source of those calls" and notify the Court and the Government (TRO, p. 4). Yesterday, defendants received a notification that Yodel sent allegedly fraudulent calls through defendants' Voice-over Internet Protocol ("VoIP") system. A copy of the notification is annexed hereto as Exhibit A. Defendants have contacted Yodel and Yodel has taken ownership of the issue. Yodel has contacted the FCC on the matter and is investigating the numbers. Yodel is not the originator of any of the calls but is a very large and reputable wholesale telecommunications carrier. The Government identified Yodel as a "legitimate" service provider in the conference with the Court on January 29, 2020. An excerpt of the transcript is annexed hereto as Exhibit B.

      Yodel is defendants' largest client, accounting for approximately 70% of defendants' business. Terminating the contract with Yodel would effectively shut down defendants before the matter can be addressed on the merits. For an injunction under 18 U.S.C. § 1345, the Government must show a likelihood of success on the merits or that the "balance of hardships [are] tipping *decidedly* toward the party requesting the preliminary relief" (*United States v Narco Freedom, Inc.*, 95 F Supp 3d 747, 754-5 (SDNY 2015) (emphasis added)).[1] The hardship to defendants is grave as it would put them out of business; the Court will assess the

---

[1] The Government must also show that the injunction is necessary to "prevent a substantial injury to the United States or to persons for whose protection the action is sought." (*id*. citations and quotation marks omitted).



Hon. Eric R. Komitee, U.S.D.J.
February 20, 2020
Page 2

likelihood of success on the merits at a hearing very soon. It would be premature to shut down defendants' business before they had the opportunity to make their case.

Because Yodel is known to the Government as a reputable company, because it is taking proactive steps to address the complaint, and because terminating the contract with Yodel would shut down defendants' operations, defendants respectfully request that the Court permit defendants to continue to work with Yodel on the express condition that (1) Yodel and defendants immediately report any further complaint or evidence that Yodel has carried a fraudulent call and (2) defendants take immediate action to cut off the call and immediately report such action to the Government. A proposed order amending the TRO is attached hereto as Exhibit C. Like Internet hacking, the placing of improper calls is a continuing issue that requires good faith vigilance from the telecommunications community. Destroying a legitimate participant's business will not solve the problem.

Defendants notified the Government yesterday of this complaint and asked if the Government would consent to a carve out from the TRO for Yodel. Today, the Government has advised that it does not consent to such a carve out.

Thank you for considering this request.

Respectfully yours,

Theodor Bruening

Cc:    Dara A. Olds, Esq. (by ECF)
       Bonni Perlin, Esq. (by ECF)
       Charles B. Dunn, Esq. (by ECF)
       Ann F. Entwistle, Esq. (by ECF)

4813-9603-0133, v. 1