UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

NICHOLAS PALUMBO, NATASHA PALUMBO, ECOMMERCE NATIONAL, LLC d/b/a/ Tollfreedeals.com and SIP RETAIL d/b/a sipretail.com,

                Defendants.

Case No.: 1:20-cv-00473-EK-RLM

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants Nicholas Palumbo, Natasha Palumbo, Ecommerce National, LLC d/b/a/ Tollfreedeals.com and Sip Retail d/b/a sipretail.com ("Defendants"), by their attorneys, Offit Kurman, P.A., for their Answer to the Complaint ("Complaint") in the above-captioned matter, respond as follows:

## AS TO "INTRODUCTION"

1. Deny the allegations in paragraph 1 of the Complaint except state that the allegations purport to set forth the nature of the action.

2. Deny the allegations in paragraph 2.

3. Deny the allegations in paragraph 3.

4. Deny the allegations in paragraph 4.

5. Deny the allegations in paragraph 5.

6. Deny the allegations in paragraph 6.

7. Deny the allegations in paragraph 7 of the Complaint except state that the allegations purport to set forth the nature of the action.

## AS TO "JURISDICTION AND VENUE"

8. As to paragraph 8, this paragraph contains a legal conclusion as to which no answer or other response is required, but to the extent it is predicated upon allegations of wrongdoing in the preceding paragraphs it is denied.

9. As to paragraph 9, this paragraph contains a legal conclusion as to which no answer or other response is required, but to the extent it is predicated upon allegations of wrongdoing in the preceding paragraphs it is denied.

## AS TO "PARTIES"

10. Admit the allegations contained in paragraph 10.

11. Deny the allegations in paragraph 11, except admit and aver that Defendants Nicholas and Natasha Palumbo own and control Ecommerce National, LLC, doing business as TollFreeDeals.com and SIP Retail, LLC, also doing business as SipRetail.com (the "Corporate Defendants") and that the Palumbos operate the Corporate Defendants from their home in Paradise Valley, Arizona.

12. Admit the allegations contained in paragraph 12.

13. Admit the allegations contained in paragraph 13, except deny having knowledge or information sufficient to form a belief as to the truth as to the allegation that "millions of calls every week" are transmitted by defendants to residents of the Eastern District of New York.

**AS TO THE ALLEGED "A. Robocalling Fraud Targeting Individual in the United States"**

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15 and its sub-paragraphs.

16. Deny the allegations in paragraph 16 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 insofar as they do not relate to them.

17. Deny the allegations in paragraph 17 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 insofar as they do not relate to them.

18. Deny the allegations in paragraph 18 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 insofar as they do not relate to them.

19. Deny the allegations in paragraph 19 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 insofar as they do not relate to them.

**AS TO THE ALLEGED "B. How Calls From Foreign Fraudsters Reach U.S. Telephones"**

20. Deny the allegations in paragraph 20.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, except deny the allegations as they relate to defendants.

22. Deny the allegations in paragraph 22.

**AS TO THE ALLEGED "DEFENDANTS' ONGOING PARTICIPATION IN ROBOCALLING FRAUD SCHEMES"**

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

**AS TO THE ALLEGED "A. Defendants Knowingly Introduce Fraudulent Robocalls into the U.S. Telephone System"**

25. Deny the allegations contained in paragraph 25, except admit the allegations contained in the first sentence of paragraph 25.

26. Deny the allegations in paragraph 26, except admit and aver that the quoted language appears on the TollFreeDeals website.

27. Deny the allegations in paragraph 27, except admit and aver that the quoted language appears on the TollFreeDeals website.

28. Deny the allegations in paragraph 28, except admit and aver that millions of calls have been carried over the platform of the defendant companies and deny having knowledge or information sufficient to form a belief as to the truth of the statistics alleged in the paragraph.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31, except admit and aver that communications with AT&T occurred along the lines referred to in the paragraph.

32. Deny the allegations in paragraph 32, except admit and aver that communications with AT&T occurred along the lines referred to in the paragraph.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34, except admit and aver that communications with USTelecom occurred along the lines referred to in the paragraph.

35. Deny the allegations in paragraph 35, except admit and aver that communications with USTelecom occurred along the lines referred to in the paragraph.

36. Deny the allegations in paragraph 36, except admit and aver that communications with USTelecom occurred along the lines referred to in the paragraph.

37. Deny the allegations in paragraph 37.

**AS TO THE ALLEGED "B. Defendants Provide Toll-Free Services for Robocall Schemes"**

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 insofar as they do not relate to them.

41. Admit the allegations in paragraph 41.

42. Deny the allegations in paragraph 42, except admit and aver that communication occurred along the lines referred to in the paragraph.

43. Deny the allegations in paragraph 43, except admit and aver that communications occurred along the lines referred to in the paragraph.

**AS TO THE ALLEGED "HARM TO VICTIMS"**

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45 insofar as they relate to them, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 insofar as they do not relate to them.

46. Deny the allegations in paragraph 46.

**ANSWERING COUNT I**

47. Defendants reallege and incorporate by reference its foregoing responses to Paragraphs 1-46 of the Complaint as if fully set forth herein.

48. Deny the allegations in paragraph 48.

49.     Deny the allegations in paragraph 49 except insofar as the allegations purport to set forth the nature of the action.

50.     Deny the allegations in paragraph 50 except insofar as the allegations purport to set forth the nature of the action.

## AS TO "PRAYER FOR RELIEF"

Deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff or admitting that Defendants have any burden of proof, Defendants hereby assert the defenses set forth below. Defendants specifically reserve the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Defendants upon notice of the allegations of fraudulent conduct by certain clients took prompt and effective action to respond.

## SECOND AFFIRMATIVE DEFENSE

Any loss, damage, or other injury suffered as claimed was caused by the actions or omissions of third parties for whose actions or omissions Defendants are not responsible.

## THIRD AFFIRMATIVE DEFENSE

Any loss, damage, or other injury suffered as claimed was the result of intervening causes for which Defendants were not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good-faith compliance with applicable industry practices, trade association requests, laws and regulations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable principles of unclean hands of the United States.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable principles of waiver.

**DEMAND FOR JURY TRIAL**

Defendants request a trial by jury.

Dated: New York, New York
       February 25, 2020

OFFIT KURMAN, P.A.

By: _____
    Theodor Bruening

*Attorneys for Defendants*
10 East 40th Street
New York, NY 10016
tbruening@offitkurman.com
(212) 545-1900

4813-9593-6950, v. 1