

**T**HEODOR **D. E. B**RUENING
Direct: (212) 380-4111
tbruening@offitkurman.com

March 10, 2020

**By ECF and Federal Express**

Hon. Eric R. Komitee, U.S.D.J.
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*United States v. Palumbo, et al.* (1:20-cv-00473-EK-RLM)</u>

Dear Judge Komitee:

      We represent defendants and respectfully submit this letter pursuant to page 4 of the temporary restraining order dated February 4, 2020 ("TRO," docket no. 18).

      Under the TRO, if any defendant receives a notification identifying calls transmitted through defendants' system as fraudulent, such defendant must "terminate any existing contracts with the companies or individuals that are identified as the source of those calls" and notify the Court and the Government (TRO, p. 4). Yesterday afternoon, defendant Ecommerce received a notification that numbers belonging to "Predictive Dialer Limited" sent allegedly fraudulent calls through defendants' Voice over Internet Protocol system. A copy of the notification is annexed hereto as Exhibit A. Ecommerce immediately contacted Predictive Dialer Limited and has permanently shut down Predictive Dialer Limited's account. Ecommerce hereby also notifies the Government of this complaint and the action taken in response.

      Defendants take this opportunity to advise the Court of an additional matter relevant to the Government's application for a preliminary injunction. The Government has repeatedly claimed that defendants' client "Yodel" is a fraudulent entity; in doing so, the Government has relied on Yodel's bankruptcy filing (8:20-bk-00540) and the three class-action lawsuits against Yodel (*Robert H. Braver v. Northstar Alarm Services LLC*, Case No. 5:17-cv-00383-C (W.D. Okla.), *Keith Hobbs v. Randall-Reilly, LLC*, Case No. 4:19-cv-00009-CDL (M.D. Ga.), *Elcinda Person v. Lyft*, Case No. 19-cv-02914-TWT (N.D. Ga.)). However, the petitioner in the bankruptcy filings and the defendant in these cases is "Yodel Technologies, LLC" ("YT"); defendants' business relationship is with "Yodel Technology Services, LLC" ("YTS"). YT and YTS are distinct entities that are registered separately in Delaware; they are not owned by one another (for example, YT's Rule 7.1 statement does not mention YTS, Braver, docket no. 22 and 23). There is no record of YTS having filed for bankruptcy and it continues in business. In short, the Government's evidence *vis-à-vis* defendants' client should not be given any credence since it relates to an entirely different company than the client with which defendants have a business relationship.

10 East 40th Street | Suite 3500 | New York, NY 10016 | 242.545.1900
offitkurman.com



Hon. Eric R. Komitee, U.S.D.J.
March 10, 2020
Page 2

   Annexed hereto are copies of the bankruptcy filing (Exhibit B), the parties list in the three cases (Exhibit C), the Delaware company registrations for YT and YTS (Exhibit D), and defendants' contract with YTS (Exhibit E).

   Thank you for your attention to this matter.

                Respectfully yours,

                Theodor Bruening

Cc: Dara A. Olds, Esq. (by ECF)
   Bonni Perlin, Esq. (by ECF)
   Charles B. Dunn, Esq. (by ECF)
   Ann F. Entwistle, Esq. (by ECF)